UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
       :
IKEAM CUNNINGHAM,       :
       :
               Plaintiff,       :
       :    18-CV-1743 (JMF)
      -v-       :
       :    ORDER
NEW YORK JUNIOR TENNIS LEAGUE, INC.,       :
       :
               Defendant.       :
       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Yesterday, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, filed a Stipulation of Voluntary Dismissal with Prejudice, ECF No. 66, presumably because they have reached a settlement. Prior to dismissal with prejudice, however, any settlement of a claim under the FLSA — including any proposed attorney's fee award — must be approved by the Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).

      Accordingly, it is hereby ORDERED that, on or before **July 30, 2020,** the parties must submit the settlement agreement to the court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36.

      In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g., Lopez v. Nights of*

*Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out.  *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties (1) would adhere to the settlement in the event the Court is prepared to approve all but the provision(s) (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision) or (2) would abandon the settlement and continue to litigate this action in the event the Court does not approve the provision(s).

All pending deadlines in this case, are adjourned *sine die* pending the submission of a settlement stipulation for the Court's review and approval.

No later than **July 20, 2020**, Defense counsel shall serve a copy of this Order to Mr. Cunningham, by both email and regular mail, and file proof of such service.

SO ORDERED.

Dated: July 17, 2020
      New York, New York

                                                 JESSE M. FURMAN
                                          United States District Judge